UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAMMY M.,

    Plaintiff,    1:22-CV-91-MJP

-v-

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

**ORDER**

  Plaintiff filed an action seeking judicial review of the decision of the Commissioner of Social Security, which denied her claim for Disability Income Benefits, pursuant to 42 U.S.C. § 405(g). Both parties filed Motions for Judgment on the Pleadings, and oral argument was held on June 26, 2025.

  This Court has reviewed the parties' competing motions together with their respective memoranda of law, and the arguments of Jeanne E. Murray, Esq. of Hiller Comerford Injury & Disability Law, attorney of record for Plaintiff, and Vernon Norwood, Esq., Special Assistant United States Attorney for the Western District of New York, attorney of record for Defendant. Now, upon all pleadings, the administrative record, the parties' memoranda of law, and the arguments of the parties,

  It is ORDERED and ADJUDGED, for the reasons stated in open Court at the oral argument of this matter on June 26, 2025, pursuant to 28 U.S.C. § 636(c) and the parties' consent, and consistent with this Court's ruling from the bench following oral

argument, the decision of Defendant Commissioner is Affirmed; and it is further

ORDERED and ADJUDGED, that Plaintiff's motion for judgment on the pleadings (ECF No. 8) is Denied; and it is further

ORDERED and ADJUDGED that the transcript of the Court's Decision shall be filed, and the Court Clerk shall issue Judgment in favor of the Commissioner and close this case.

**SO ORDERED.**

_____
MARK W. PEDERSEN
UNITED STATES MAGISTRATE JUDGE

DATED: August 29, 2025
        Rochester, New York

```
UNITED STATES  DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------x
TAMMY M. MIAZGA,                        22-CV-91(MJP)
                Plaintiff,
vs.

COMMISSIONER OF SOCIAL SECURITY,        June 26, 2025
                Defendant.
---------------------------------x
```
**DECISION**


```
                  TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE MARK W. PEDERSEN
                UNITED STATES MAGISTRATE JUDGE




FOR PLAINTIFF:       HILLER COMERFORD INJURY & DISABILITY LAW
(Via telephone)      BY:  JEANNE ELIZABETH MURRAY, ESQ.
                     6000 North Bailey Avenue
                     Suite 1A
                     Amherst, New York 14226

FOR DEFENDANT:       SOCIAL SECURITY ADMINISTRATION
(Via telephone)      OFFICE OF GENERAL COUNSEL
                     BY:  VERNON NORWOOD, ESQ.
                     6401 Security Boulevard
                     Baltimore, Maryland 21235




TRANSCRIBER:         Diane S. Martens
                     dmartensreporter@gmail.com



 (Proceedings recorded by audio recording,
  transcript produced by computer.)
```

```
 1              P R O C E E D I N G S
 2                  *       *       *
 3
 4       THE COURT:  I'm prepared to issue my decision.
 5       First, thanking both of you for your preparation for
 6  today's argument.
 7       Title 42 of U.S. Code, section 405(g) grants
 8  jurisdiction to District Courts to hear claims based on the
 9  denial of Social Security benefits.
10       Section 405(g) provides that the District Court shall
11  have the power to enter upon the pleadings and transcript of
12  the record, a judgment affirming, modifying or reversing the
13  decision of the Commissioner of Social Security with or
14  without remanding the cause for a rehearing.
15       It directs that when considering a claim, the Court must
16  accept the findings of fact made by the Commissioner provided
17  that such findings are supported by substantial evidence in
18  the record.
19       "Substantial evidence" is defined as more than a mere
20  scintilla.  It means such relevant evidence as a reasonable
21  mind might accept as adequate to support a conclusion.
22       To determine whether substantial evidence supports the
23  Commissioner's findings, the Court must examine the entire
24  record, including contradictory evidence and evidence from
25  which conflicting inferences can be drawn.
```

1  Section 405(g) limits the scope of the Court's review to
2  two inquiries:
3  One, whether the Commissioner's findings were supported
4  by substantial evidence in the record; and,
5  Two, whether the Commissioner's conclusions are based
6  upon an erroneous legal standard.
7  A person is disabled for the purposes of SSI and
8  Disability benefits if he or she is unable to engage in any
9  substantial gainful activity by reason of any medically
10  determinable physical or mental impairment which can be
11  expected to result in death or which has lasted, or can be
12  expected to last, for a continuous period of not less than 12
13  months.
14  In assessing whether a claimant is disabled, the ALJ
15  must employ a five-step sequential analysis described in
16  *Berry v. Schweiker,* 675 F.2d 464, 467 (2d Circuit 1982).
17  The claimant bears the burden of proving his or her case
18  at steps one through four.
19  At step five, the burden shifts to the Commissioner to
20  show there is other gainful work in the national economy
21  which the claimant could perform.
22  Regarding the plaintiff's first point that the ALJ
23  failed to find a severe mental impairment at step two and
24  failed to include mental limitations at steps four and five.
25  I determine that substantial evidence supports the

1  Commissioner's decision at step two especially considering
2  20 CFR 404.1520(a)(D)(1).
3       Regarding the argument concerning step four, I find
4  error.
5       In his decision the ALJ after making his step two
6  analysis wrote "the limitations identified in the paragraph B
7  criteria are not a residual functional capacity assessment
8  but are used to rate the severity of mental impairments at
9  steps two and three of the sequential evaluation process.
10 The mental residual functional capacity assessment used at
11 steps four and five of the sequential evaluation process
12 requires a more detailed assessment."
13      Record Page 623.
14      However, the ALJ never did provide a more detailed
15 assessment.
16      Plaintiff points out that Dr. Santarpia determined
17 plaintiff exhibited a mild to moderate impairment in
18 regulating emotion, controlling behavior and maintaining
19 wellbeing.  Record Page 1366.
20      However, at Page 1369, Dr. Santarpia also determined
21 that plaintiff had no effect on her ability to interact
22 appropriately with supervising coworkers and the public as
23 well as respond to changes in the routine work setting, and
24 specifically had no affect on her ability to interact
25 appropriate with the public, supervisors, coworkers, respond

1  appropriately to usual work situations and changes in routine
2  work settings.
3       I find it was error for the ALJ not to explain in more
4  detail at step four what he was told, what he told me he
5  would do when he was finished with step two.
6       Now the Commissioner relies on Second Circuit case law
7  which states "when, as here, the evidence of record permits
8  us to glean the rationale of an ALJ's decision, we do not
9  require that he had mentioned every item of testimony
10 presented to him or have explained why he considered
11 particular evidence unpersuasive or insufficient to lead him
12 to a conclusion of disability.  Example, *Berry v. Schweiker*,
13 675 F.2d 464, 467 (2d Circuit 1982).  In *Berry*, we noted that
14 although we would remand for further findings or a clearer
15 explanation where we could not fathom the ALJ's rationale 'in
16 relation to evidence in the record', we would not remand
17 where 'we were able to look to other portions of the ALJ's
18 decision and to clearly credible evidence in finding that his
19 determination was supported by substantial evidence'.  Id.
20      "See also *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir.
21 1982).  'Notwithstanding the apparent inconsistency between
22 the reports of [two doctors], we are unwilling to require an
23 ALJ explicitly to reconcile every conflicting shred of
24 medical testimony... '".  *Monguer v. Heckler*, 722 F.2d 1033
25 at 1040 (2d Cir. 1983).

1     Based on that case law, I do determine that I can glean
2  from the record and the ALJ's decision that substantial
3  evidence supports his decision not to include Dr. Santarpia's
4  mild to moderate limitation in the RFC because of her
5  determination that despite the mild to moderate limitation in
6  regulating emotion, controlling behavior and maintaining
7  wellbeing, she was nevertheless, not impaired in her ability
8  to work.  Therefore, the error was harmless.
9     With regard to plaintiff's second point, that the ALJ
10 did not adequately reconcile his RFC with Dr. Liu's opinion,
11 I find the ALJ's explanation is supported by substantial
12 evidence in the record and that the ALJ adequately explained
13 his rationale, thus, no gleaning is required this time.
14    The ALJ wrote "Dr. Lieu's opinion related to a quiet
15 work environment is given little weight because it is not
16 adequately supported or explained.  Presumably, this limit is
17 related to the claimant's migraines but it provided no
18 support for a quiet work environment given her modest
19 treatment and frequency slash nature of migraines.  Limiting
20 her to a work environment with no loud noise is sufficient in
21 light of claimant's activities otherwise."   Record Page 628.
22    I find the ALJ's rationale is supported by substantial
23 evidence.
24    Therefore, I grant the Commissioner's notion for
25 judgment on the pleadings.

Miazga v. Commissioner - 22-CV-91

1     Deny plaintiff's motion for judgment on the pleadings.
2     Direct the Clerk to enter judgment for the Commissioner.
3     And direct the Commissioner to draft and settle an order
4  with plaintiff's counsel and attach and reference a
5  transcript of this decision and order.
6     This constitutes the Decision and Order of the Court.
7     Thank you both, Counselors, for the thorough preparation
8  you demonstrated through your knowledge on the record and the
9  law supporting your positions.
10    We are adjourned.
11    (WHEREUPON, proceedings adjourned.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
1                    *        *        *
2                 CERTIFICATE OF TRANSCRIBER
3
4           In accordance with 28, U.S.C., 753(b), I
5    certify that this is a true and correct record of proceedings
6    from the official electronic audio recording of the
7    proceedings held in the United States District Court
8    for the Western District of New York before the
9    Honorable Mark W. Pedersen on June 26, 2025.
10
11
12   S/ Diane S. Martens
13   Diane S. Martens
     Transcriber
14
15
```